UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

Google LLC, a limited liability company

        Plaintiff,

vs

Supreme Marketing Group, Inc., a corporation,
d/b/a Small Business Solutions and d/b/a/ Claim
My Biz,

And John and/or Jane Does 1-20,

        Defendants.
_____/

## PLAINTIFF GOOGLE LLC'S COMPLAINT

Supreme Marketing Group, Inc. d/b/a Small Business Solutions and d/b/a Claim My Biz ("Defendant") has been making false and misleading representations about Defendant's services and Defendant's supposed affiliation with Plaintiff Google LLC ("Plaintiff" or "Google") in violation of federal law. Google brings this action to put an end to Defendant's wrongful conduct and the ongoing harm to Google and the small business owners targeted by Defendant's scheme.

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

2. Defendant is a corporation organized under the laws of the State of Florida with

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

its principal place of business at 2200 North Federal Highway, Suite 221, Boca Raton, Florida, 33431.

3. Google does not know the true names and capacities of those defendants sued as DOES 1-20 (the "Doe Defendants"), and therefore sues them under fictitious names. On information and belief, the Doe Defendants have participated in the scheme at issue in this Complaint, including by directing, aiding, and/or assisting the named Defendants in connection with the wrongful acts alleged herein. Google is unable to identify such Doe Defendants by name because the identities and acts of the specific individuals and entities that have directed or otherwise participated in the scheme appear to have been purposely obscured. Google will amend this Complaint to allege the true names and capacities of these Doe Defendants when they are ascertained.

## JURISDICTION AND VENUE

4. This action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act").

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant because: (i) Defendant maintains its principal place of business in the State of Florida and in this judicial district; (ii) Defendant has caused its services to be advertised, promoted, and offered in connection with the GOOGLE trademark in the State of Florida and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of Florida and this judicial district; and (iv) Defendant has caused tortious injury to Google in the State of Florida and this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because: (i) Defendant maintains its principal place of business in the State of Florida and in this judicial district; (ii) Defendant has caused its services to be advertised, promoted, and offered in connection with the GOOGLE trademark in the State of Florida and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of Florida and this judicial district; and (iv) Defendant has caused tortious injury to Google in the State of Florida and this judicial district.

## FACTUAL BACKGROUND

### GOOGLE AND THE GOOGLE TRADEMARK

8. Google is a well-known provider of search engine, advertising, web application, social networking, and other services. Since its inception, Google has devoted substantial time, effort, and resources to the development and extensive promotion of its goods and services under the GOOGLE trademark. As a result, the GOOGLE mark has acquired significant recognition in the marketplace and has come to embody the substantial and valuable goodwill of Google. To protect the GOOGLE mark for its exclusive use and as notice to the public of its claim of ownership therein, Google owns numerous trademark registrations for the GOOGLE mark and variations thereof, including but not limited to: U.S. Registration Nos. 2,806,075; 2,884,502; 4,058,966; 4,120,012; 4,123,471; 4,168,118; 4,202,570; 4,217,894; 4,525,914; 5,324,609; and 5,324,610.

### GOOGLE LISTINGS AND GOOGLE MY BUSINESS

9. When users run searches on Google's Search, Maps, or Google+ services, the search results can include business listings that correspond to the search. These listings display basic information about a business, including the business's street address, hours, a link to the

business's website, etc.

10.     For several years, Google has offered free services for businesses to manage their listings that appear in Google search results.  Google currently offers these services as part of the Google My Business ("GMB") platform.  Among other features, GMB allows a business to access and edit the information that appears in its Google listings, such as updating business hours or the street address or adding photos and a website.

11.     To use these free tools, a business creates a GMB account and then either creates a new Google listing for its business or claims an existing listing that has already been generated by Google.  To gain control of a Google listing, a person must verify that he or she is the owner or other authorized representative of the business.  Following this verification process, the person becomes the account "owner" and may edit that business's listings, grant access to the account to other users, and use various other GMB tools and features.

### DEFENDANT'S BUSINESS AND USE OF THE GOOGLE MARK

12.     Google is informed and believes, and based thereon alleges, that Defendant is an online marketing company that offers services to small businesses throughout Florida and nationwide, including but not limited to services purporting to display, modify, or optimize a small business's Google listings.

13.     Google is informed and believes, and based thereon alleges, that Defendant markets its services throughout Florida and other states through its website at claimmybiz.us and through telemarketing calls.

14.     Google is informed and believes, and based thereon alleges, that Defendant makes extensive, unauthorized, and misleading use of the GOOGLE mark during telemarketing calls in order to confuse business owners regarding Google's relationship to Defendant and Defendant's

4

services. Specifically, Defendant's agents falsely represent to business owners that: (i) they are calling on behalf of Google; (ii) Defendant is "registered" with Google; (iii) Defendant is a "Google partner" or a "Google My Business Partner"; (iv) Defendant is an "authorized Google My Business representative"; (v) Defendant is "mandated to call on small businesses" by Google; (vi) Defendant "handles all the small to medium size business listings for Google.com"; (vii) Google uses Defendant for its small business outreach or otherwise engages Defendant to make telemarketing calls; and (viii) Defendant is authorized by Google to delete or otherwise control Google listings.

15. These representations are false. In fact, Defendant does not work on behalf of Google, is not registered with Google, and is not a Google partner or otherwise engaged or authorized by Google to perform any outreach or other services, or to delete or control Google listings.

16. Google is informed and believes, and based thereon alleges, that Defendant's use of the GOOGLE mark described above is likely to cause and has caused confusion among the business owners targeted by Defendant's scheme regarding the relationship between the parties and their respective services, including that Google is associated with Defendant, or that Google approves of or endorses Defendant, its telemarketing calls, or its services.

17. Google is informed and believes, and based thereon alleges, that Defendant exploits such confusion to induce small business owners to spend hundreds of dollars on Defendant's services.

18. Google is informed and believes, and based thereon alleges, that Defendant's false or misleading representations also include express or implied claims that: (i) unless a business "verifies" its Google listings with Defendant, the business's Google listings will be

5

deleted, display incorrectly, or describe the entity as "not in business"; (ii) a business can obtain various benefits or services from Google related to Google My Business only by paying hundreds of dollars; (iii) Defendant can "reward" small businesses "with the best possible ranking" on Google Search; and (iv) Defendant has an affiliation or other close relationship with Google or Google's offerings, as described in paragraph 14 above.

19. In fact, there is no need to "verify" a listing with Defendant or purchase Defendant's or any other services to avoid deletion or the improper display of a listing. Defendant also cannot "reward" businesses "with the best possible ranking" on Google Search, as no third party can guarantee such placement. In addition, as already explained, the claims Defendant makes about its relationship with Google or Google's services are false.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

20. Google realleges and incorporates herein by this reference paragraphs 1 through 19 of this Complaint as if fully set forth here.

21. Google owns the inherently distinctive, strong, valid, and registered GOOGLE trademark.

22. Without Google's consent, Defendant has used the GOOGLE mark in commerce to advertise and offer Defendant's services.

23. Defendant's actions as described herein have caused and are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with Google, as to the true source of Defendant's services, and as to the sponsorship or approval of Defendant or Defendant's services or telemarketing activities by Google.

24. Defendant is not affiliated or associated with Google or its services, and Google

6

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

does not approve or sponsor Defendant or any of Defendant's activities or services.

25.     Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Google and the GOOGLE mark.

26.     The actions of Defendant described above constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

27.     Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  Google has no adequate remedy at law in that the amount of harm to Google's business and reputation and the diminution of the goodwill of the GOOGLE mark are difficult to ascertain with specificity.  Google is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

28.     Google is entitled to damages in an amount to be determined at trial and to any profits made by Defendant in connection with its infringing activities.

29.     Defendant's infringement of the registered GOOGLE mark is deliberate, willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of Google's trademark.  Defendant's infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Google is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

30. Google realleges and incorporates herein by this reference paragraphs 1 through 19 of this Complaint as if fully set forth here.

31. Google owns the inherently distinctive, strong, valid, and registered GOOGLE trademark as well as common law rights in the GOOGLE mark.

32. Without Google's consent, Defendant has marketed and sold in commerce services in connection with the GOOGLE mark.

33. Defendant's actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendant with Google, as to the true source of Defendant's services, and as to the sponsorship or approval of Defendant or Defendant's services by Google.

34. Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

35. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Google has no adequate remedy at law in that the amount of harm to Google's business and reputation and the diminution of the goodwill of Google's trademark are difficult to ascertain with specificity. Google is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

36. Defendant's unfair competition and false designation of origin are deliberate, willful, fraudulent, and without extenuating circumstances. Defendant's conduct is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

Google is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests the following relief:

A. That Google be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq*., specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert or participation with them, be preliminarily and permanently enjoined from: (i) using the GOOGLE trademark or variations thereof in connection with the marketing, promotion, advertising, sale, or distribution of any of Defendant's products or services (except as reasonably necessary to identify Google's own products and services); (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any product or service distributed, sold, offered for sale, or advertised by Defendant is in any manner associated with or approved or sponsored by Google; (iii) representing in any manner that Defendant or its sales agents are endorsed or sponsored by Google, or represent or work on behalf of Google, or are affiliated or associated with Google; and (iv) any other infringing or misleading conduct discovered during the course of this action;

B. That Defendant files, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

9

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

C. That Defendant is adjudged to have violated 15 U.S.C. § 1114(1) by infringing the GOOGLE mark;

D. That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Google and by using a false designation of origin for Defendant's services;

E. That Google be awarded damages in an amount sufficient to compensate it for damage caused by Defendant's acts;

F. That this Court order an accounting of Defendant's profits pursuant to Defendant's unlawful activities and award all of said profits to Google;

G. That Google be awarded three times Defendant's profits and three times Google's damages suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

H. That Google be awarded its attorneys' fees and costs in this action under 15 U.S.C. § 1117 as a result of Defendant's Lanham Act violations;

I. That Google be granted prejudgment and post judgment interest; and

J. That Google be granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Google hereby respectfully demands a trial by jury of all issues triable of right by a jury.

*[signature on following page]*

Date: May 22, 2018                          Respectfully submitted,

                                                    **LOTT & FISCHER, PL**

                                                    **s/ Ury Fischer**
                                                    Ury Fischer
                                                    Florida Bar No. 048534
                                                    E-mail: ufischer@lottfischer.com
                                                    Leslie J. Lott
                                                    Florida Bar No. 182196
                                                    E-mail: ljlott@lottfischer.com
                                                    255 Aragon Avenue, Third Floor
                                                    Coral Gables, FL 33134
                                                    Telephone: (305) 448-7089
                                                    Facsimile: (305) 446-6191

                                                    **COOLEY LLP**
                                                    Whitty Somvichian*
                                                    E-mail:  wsomvichian@cooley.com
                                                    101 California Street
                                                    5th Floor
                                                    San Francisco, CA  94111
                                                    Telephone:  (415) 693-2061
                                                    Facsimile:  (415) 693-2222

                                                    Brendan J. Hughes*
                                                    E-mail:  bhughes@cooley.com
                                                    Rebecca Givner-Forbes*
                                                    E-mail:  rgf@cooley.com
                                                    1299 Pennsylvania Avenue, NW
                                                    Suite 700
                                                    Washington, DC  20004
                                                    Phone: (202) 842-7826
                                                    Facsimile:  (202) 842-7899
                                                    *To be admitted Pro Hac Vice*

                                                    *Attorneys for Plaintiff, Google LLC*

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on May 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                    s/ Ury Fischer
                                                    Ury Fischer