UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-80674-ROSENBERG/REINHART

Google LLC, a limited liability company

        Plaintiff,

v

Supreme Marketing Group, Inc., a corporation,
d/b/a Small Business Solutions and d/b/a/ Claim
My Biz,

And John and/or Jane Does 1-20,

        Defendants.
_____/

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

This Court, pursuant to the Amended Joint Motion for Entry of Stipulated Judgment and Permanent Injunction between Plaintiff Google LLC ("Google") and Defendant Supreme Marketing Group Inc. ("Defendant"), hereby ORDERS, ADJUDGES, and DECREES as follows:

**PERMANENT BAN ON COMMERCIAL ACTIVITY INVOLVING
GOOGLE MY BUSINESS OR ANY OTHER GOOGLE OFFERING**

1. Defendant made unauthorized, infringing uses of the GOOGLE trademark during telemarketing calls targeted to small business owners interested in the services Google offers as part of its Google My Business platform.

2. Specifically, members of Defendant's sales team made false and misleading claims during Defendant's telemarketing calls that were likely to confuse small business owners about the true source or nature of Defendant's services and the relationship between Google and

Defendant.  For example, Defendant's sales team falsely represented to business owners that: (i) they were calling on behalf of Google; (ii) Defendant is "registered" with Google; (iii) Defendant is a "Google partner" or a "Google My Business Partner"; (iv) Defendant is an "authorized Google My Business representative"; (v) Defendant is mandated to call on small businesses by Google; (vi) Defendant "handles all the small to medium size business listings for Google.com"; and (vii) Google uses Defendant for its small business outreach or otherwise engages Defendant to make telemarketing calls.

3. Defendant's misrepresentations also included express or implied claims that:  (i) unless a business "verifies" its Google listings, the business's Google listings may be deleted, displayed incorrectly, or described as "not in business;"  (ii) a business can obtain various benefits or services from Google related to Google My Business only by paying hundreds of dollars; (iii) Defendant can "reward" small businesses "with the best possible ranking" on Google Search; (iv) Defendant is authorized by Google to control aspects of Google listings; and (v) Defendant is affiliated with Google or Google's offerings.

4. Such representations were false and misleading.  In fact, Defendant does not work on behalf of Google; Defendant is not registered with Google; and Defendant is not a Google partner or otherwise engaged or authorized by Google to perform any outreach or other services, or to delete or control Google listings.  Furthermore, there is no need to "verify" a listing with Defendant or purchase Defendant's or any other services to avoid deletion or the improper display of a listing on the Google My Business platform.  Defendant also cannot "reward" businesses "with the best possible ranking" on Google Search, as no third party can guarantee such placement.

5. Defendant does not dispute that (a) the GOOGLE mark is valid and protectable, and (b) Google owns all right, title, and interest in and to the GOOGLE mark.

6. Defendant admits liability for the infringement of the GOOGLE mark in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a).

7. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant described in Paragraphs 2 and 3.

8. Defendant is thus hereby adjudged to have violated 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) by infringing the GOOGLE mark.

9. Defendant and its owners Mr. Joshua Miller and Mr. David DeMarie are hereby permanently restrained and enjoined, pursuant to 15 U.S.C. § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

   a. Any telemarketing or any other commercial activities relating to the Google My Business platform;

   b. Any telemarketing or any other commercial activities relating to any other product or service provided by Google;

   c. Using the GOOGLE mark or any other mark owned by Google, or any confusingly similar variation thereof, in connection with marketing, promoting, advertising, selling, or distributing any goods or services in any manner that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation or association with, or endorsement or sponsorship by, Google;

   d. Using the GOOGLE mark or any other mark owned by Google, or any confusingly similar variation thereof, within any domain names, metatags, or

       other markers within website source code, or on any websites registered, owned, or operated by Defendant, Mr. Miller, or Mr. DeMarie;

    e. Holding any ownership interest, share, or stock in any closely-held business that engages in any of the acts or practices listed in subsections a-d of this Paragraph, or serving as an officer or director of any corporate entities that engage in any of the acts or practices listed in subsections a-d, unless such acts or practices are authorized by Google;

    f. Destroying, disposing of, or distributing beyond its control any record or recording of a customer service complaint describing a possible violation of any of the foregoing terms for a period of no less than three (3) years after the record or recording is created; and

    g. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device with the intention of circumventing or otherwise avoiding any of the obligations or prohibitions set forth herein.

10.    Nothing in paragraph 9 shall prohibit anyone from engaging in any activities in the ordinary course of business as a consumer or user of Google or its products, platforms, or services (e.g., claiming and verifying their own business; use of Google Adwords; Google Pay; YouTube; etc.).

11.    Defendant is liable to Google pursuant to 15 U.S.C. § 1117 in the amount of $750,000, an amount approximately three times Defendant's profits from its infringing activities and attorneys' fees. In addition, within thirty (30) days of the entry of this Order, Mr. Miller and Mr. DeMarie, without admission of personal liability, shall personally pay Google $50,000 each.

## CORRECTIVE ADVERTISING & DISSOLUTION

12. Within thirty (30) days after the entry of this Stipulated Judgment and Permanent Injunction, Defendant shall send email correspondence (*e.g.*, from support@smallbusinesssolutions.co) to any customers who paid Defendant for services relating to the Google My Business platform. This shall apply to all customers for which Defendant is able to locate or obtain an email address. Subject to the final approval of Google, which shall not be unreasonably withheld, the email correspondence must state the following: We are writing to inform you that Supreme Marketing Group aka SMG, Small Business Solutions, SBS, and Claim My Biz is in no way affiliated or associated with, or endorsed or sponsored by, Google. We apologize if the actions of Supreme Marketing Group caused any confusion in that regard.

13. Ninety (90) days after the entry of this Stipulated Judgment and Permanent Injunction, and thus after complying with the corrective advertising detailed in Paragraph 12, Defendant shall dissolve as a corporate entity in its entirety without any successor-in-interest. Defendant shall notify Google of the dissolution pursuant to the notification provisions detailed below in Paragraph 15.

## COMPLIANCE

14. Defendant shall provide a copy of this Stipulated Judgment and Permanent Injunction to each of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, affiliates, assigns, successors in interest, and contractors who are or were conducting marketing activities relating to Google offerings on behalf of Defendant, including but not limited to Telesero LLC, as soon as practicable.

15. Defendant shall make timely certifications of compliance to Google as follows:

a. Within thirty (30) days after the entry of this Stipulated Judgment and Permanent Injunction, Defendant, Mr. Miller, and Mr. DeMarie shall submit to Google a combined declaration signed under penalty of perjury, setting forth in detail the manner and form in which Defendant, Mr. Miller, and Mr. DeMarie have complied with Paragraphs 12 and 14 above; and

b. Within ninety (90) days after the entry of this Stipulated Judgment and Permanent Injunction, Mr. Miller and Mr. DeMarie shall submit to Google a combined declaration signed under penalty of perjury confirming that Defendant has in fact been dissolved and the date of the dissolution; and

c. Then, annually for the next three (3) years after the entry of this Stipulated Judgment and Permanent Injunction, Mr. Miller and Mr. DeMarie shall send correspondence to Google's attorneys of record, certifying compliance with Paragraph 9 above, as well as identifying the corporate, trade, and "doing business as" names for any corporate entities for which they are directors or officers.

16. Defendant shall notify Google of any trade names or "doing business as" names adopted by Defendant or any third parties conducting marketing calls, solicitations, or other outreach on its behalf relating to any product or service provided by Google. Defendant shall provide such notification promptly, and in no case later than thirty (30) days after the entry of this Stipulated Judgment and Permanent Injunction.

17. For one (1) year from the date of entry of this Stipulated Judgment and Permanent Injunction, Defendant, Mr. Miller, and Mr. DeMarie must fully cooperate with Google in any investigation related to or associated with the infringing activities that are the subject of the

Complaint in this action or related to other commercial activities involving Google My Business. In particular, at Google's request in connection with other disputes and lawsuits, Defendant, Mr. Miller, and Mr. DeMarie must appear for interviews, depositions, hearings, trials, and any other proceedings that Google may reasonably request, without the need of Google serving a subpoena and as long as such appearances do not exceed fifteen (15) days in any one year period or $5,000 in attorneys' fees incurred by Messrs. Miller and DeMarie in any one year period.  Any in-person interviews and depositions of Mr. Miller and Mr. De Marie shall be held in Palm Beach County, Florida (or such other county in which they reside).  To the extent Google requires Defendant, Mr. Miller's, or Mr. DeMarie's attendance at any hearing, trial, or proceeding outside of Palm Beach County, Florida, Google shall pay for their reasonable expenses including airfare, hotel, food, and any other travel expenses.

## TRANSFER OF DOMAIN NAMES

18. Forty-five (45) days after the entry of this Stipulated Judgment and Permanent Injunction, and thus after complying with the corrective advertising detailed in Paragraph 12, Defendant, Mr. Miller, and Mr. DeMarie shall take all necessary steps to transfer the following domain names to Google to the extent the domain names are still owned by them: claimmybiz.net; suprememarketinggroup.net; claimmybiz.us; and smallbusinesssolutions.co.

## IMMEDIATE ENTRY OF JUDGMENT

19. The Court finds there is no just reason to delay in entering this Stipulated Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Stipulated Judgment and Permanent Injunction against Defendant.

20. This Stipulated Judgment and Permanent Injunction shall be deemed served upon Defendant, Mr. Miller, and Mr. DeMarie at the time of its entry by the Court.

21. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over the parties hereto. Venue is also proper in this district under 28 U.S.C. § 1391(b) and (c).

22. No appeals shall be taken from this Stipulated Judgment and Permanent Injunction; however, the parties preserve their respective rights to appeal any further action arising out of this Stipulated Judgment and Permanent Injunction.

23. This Court will retain continuing jurisdiction over this matter following the dismissal of Google's claims in order to enforce the terms of this Stipulated Judgment and Permanent Injunction and the Settlement Agreement between the parties.

24. Nothing set forth herein shall impair Google's right to seek all legal and equitable remedies that the Court deems appropriate in the event of a violation or failure by Defendant to comply with any of the provisions hereof.

25. Except as expressly set forth in Paragraph 11, each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED, and DECREED this 5th day of February, 2019.

Copies furnished to all counsel via
CM/ECF

_____
Hon. Judge Robin L. Rosenberg
United States District Judge
Southern District of Florida